IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. FORD,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br><br>PROGRESSIVE SPECIALTY INSURANCE COMPANY,<br><br>　　　　　Defendant. | CIVIL ACTION<br>NO. 21-04147 |

**Slomsky, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**March 2, 2022**

<u>**OPINION**</u>

**I.　　INTRODUCTION**

In <u>Donovan v. State Farm</u>, a decision by the Pennsylvania Supreme Court, Donovan suffered significant injuries during a collision of his motorcycle with an underinsured vehicle. 256 A.3d 1145, 1147 (Pa. 2021). He initially filed liability claims with two insurance companies. From the first insurance company, he recovered the $25,000 policy limit on the underinsured vehicle. <u>Id.</u> From the second insurance company, which insured his motorcycle, he recovered the $50,000 limit. <u>Id.</u> He believed that the $75,000 total was not adequate to compensate him for his injuries. <u>Id.</u> So he then sought to recover underinsured motorist benefits from his mother's insurance policy, where he was insured as a resident relative. <u>Id.</u> His mother's policy insured three vehicles, but not the motorcycle. <u>Id.</u> The underinsured motorist liability limits for each vehicle could have been stacked, but his mother had signed the stacking waiver form statutorily provided in 75 Pa. C.S.A § 1738(d),[1] a provision of the Pennsylvania Motor Vehicle Financial Responsibility Law

---

[1] The waiver reads as follows:

1

("MVFRL"). Id. Because of this signed waiver and the fact that his mother's policy also had a household vehicle exclusion, which bars coverage for a vehicle owned by a resident relative not insured under the Policy, the insurance company denied Donovan's claim under this policy. Id. at 1148. He then sought declaratory relief, claiming that the waiver provision in 75 Pa. C.S.A. § 1738(d) is not a knowing waiver of inter-policy stacking when policies insure multiple vehicles.

Based upon two other Pennsylvania Supreme Court cases, Gallagher v. GEICO Indemnity Company, 201 A.3d 131, 137 (Pa. 2019) and Craley v. State Farm, 895 A.2d 530 (Pa. 2006), the Donovan Court held as follows:

> [W]e are bound by the language of Section 1738(d)'s waiver form…
> As highlighted in the majority and concurring opinions in Craley, this language informs insureds that they are waiving intra-policy stacking as they will not be provided the "sum of the limits for each motor vehicle under the policy." It does not, however, alert insureds that they are waiving the ability to stack the coverage for which premiums were paid in "this policy" on top of the coverage available under a separate policy.
> …
>
> After review, we find the logic of the case at bar indistinguishable from that in Gallagher. In both cases, the insured did not validly waive inter-policy stacking. Whether the insured did not sign a waiver, as in Gallagher, or signed a deficient waiver as to inter-policy stacking, as in [Donovan], the result is the same: the policy defaults to inter-policy stacking of UM/UIM[2] coverage. In either

---

> By signing this waiver, I am rejecting stacked limits of uninsured motorist coverage under the policy for myself and members of my household under which the limits of coverage available would be the sum of limits for each motor vehicle insured under the policy. Instead, the limits of coverage that I am purchasing shall be reduced to the limits stated in the policy. I knowingly and voluntarily reject the stacked limits of coverage. I understand that my premiums will be reduced if I reject this coverage.

75 Pa. C.S.A § 1738(d).

[2]  UM is short for uninsured motorist; UIM is short for underinsured motorist.

> case, the household vehicle exclusion cannot operate as a <u>de facto</u> waiver of <u>inter-policy</u> stacking because it fails to provide the insured with a knowing waiver of that coverage.

<u>Id.</u> at 1158, 1160 (emphasis added).

In this case, Plaintiff Michael Ford ("Plaintiff") was driving his motorcycle and collided with an underinsured vehicle. He received the $15,000 in liability coverage from the insurance company insuring the underinsured vehicle. (Compl. ¶¶ 6, 13, 19.) Plaintiff also had two of his own insurance policies: one at Progressive Preferred Insurance Company covering his motorcycle and another at a different insurance company, Defendant Progressive Specialty Insurance Company ("Defendant"). Two other vehicles were insured by Defendant. (<u>Id.</u> ¶¶ 14-17, 25-26.) The company insuring the motorcycle paid the full amount of coverage, $25,000. (<u>Id.</u> ¶¶ 22-23.) However, Defendant declined to pay any underinsured benefits, claiming that Plaintiff waived inter-policy stacking under 75 Pa. C.S. § 1738(d) by signing the waiver. Thereafter, Plaintiff, on behalf of himself and putative class members, commenced this action, seeking a declaratory judgment in Count I and asserting a claim for breach of contract in Count II against Defendant for breaching the insurance policy by not paying the stacked coverage under its insurance policy. (<u>See</u> Doc. No. 1.) [3]

Given the <u>Donovan</u> holding, the parties agree in this case that the facts here are similar to those in <u>Donovan</u> and that <u>Donovan</u> would ordinarily apply and resolve liability coverage. Defendant contends, however, that the holding in <u>Donovan</u> is not retroactive because it creates a new rule of law and therefore the signed stacking waiver is enforceable (<u>see</u> Doc. No. 6-1 at 11).

---

[3] Count III is for injunctive relief. Plaintiff withdrew this claim during the hearing on Defendant's Motion to Dismiss. (<u>See</u> Doc. No. 14 at 4-5.) The claim was withdrawn because Plaintiff is no longer a policyholder with Defendant, rendering the claim moot. (<u>See</u> Doc. No. 6 at 10.) (<u>See also</u> Doc. No. 14 at 4-5.) Therefore, Count III need not be discussed further.

3

Plaintiff claims that Donovan applies retroactively (see Doc. No. 7 at 7). If Donovan is retroactive, Plaintiff has sufficiently alleged a valid claim for breach of contract at the motion to dismiss stage.

In a diversity of citizenship jurisdiction case, this Court must predict whether the Pennsylvania Supreme Court will apply Donovan retroactively.[4] Based upon the analysis that follows, this Court predicts that the Pennsylvania Supreme Court will hold that Donovan is retroactive. Consequently, Plaintiff does state a claim here against Defendant for breach of contract and will survive the Motion to Dismiss the Complaint, which is before the Court for disposition.

In the same Motion, Defendant submits that the request for a declaratory judgment in the Complaint is duplicative of the breach of contract claim and should be dismissed. (Id. at 3.) Although the Court disagrees with Defendant on the retroactivity issue, it agrees with Defendant that the declaratory judgment action is duplicative of the breach of contract claim and should be dismissed.

## II.  FACTUAL BACKGROUND

This case seeks declaratory and compensatory relief in connection with Plaintiff's insurance claims arising from a motor vehicle accident that occurred on August 13, 2020. (Doc. No. 7-1 at 1.) Plaintiff was operating his Honda motorcycle when he was struck by a car driven by Steven Johnson ("Johnson"). (Id.) Johnson was operating a vehicle insured by the Bristol West Insurance Company ("Bristol West"). (Id.) After the collision, Plaintiff made a claim upon Bristol West for recovery of damages in tort. (Id.) Bristol West paid Plaintiff the $15,000 liability limit of coverage under Johnson's policy. (Id.) Thereafter, Plaintiff made claims upon his two insurance

---

[4] In a case based on diversity of citizenship jurisdiction, when construing Pennsylvania law, federal courts have an obligation to predict how the Pennsylvania Supreme Court would decide the case. See Dillinger v. Caterpillar, Inc., 959 F.2d 430, 434 n.11 (3d Cir. 1992).

policies for underinsured motorist benefits: 1) Progressive Preferred Insurance Company ("Progressive Preferred"), which insured his motorcycle, and 2) Defendant, which insured two other household vehicles. (Id.) Progressive Preferred paid the $25,000 limit of underinsured motorist benefits under the motorcycle policy. As to his other vehicle policy, Defendant denied the claim because: 1) Plaintiff waived stacking of underinsured motorist benefits under the policy;[5] and 2) the household regular use exclusion applied. (Id. ¶ 26.)[6]

In August 2021, Plaintiff filed his Complaint, on behalf of himself and potential class members. (See generally Doc. No. 1-1.) Count I is a claim for declaratory relief, seeking a declaration that, because of the Donovan decision, his claim under the Policy for underinsured motorist benefits is not barred by the stacking waiver or the household regular use exclusion. (Id. ¶¶ 114, 124.) He requests the same declaration on behalf of "each member of the class." (Id. ¶ 125.) While Plaintiff has not moved for class certification at this time, his filings signal that he intends to seek certification of a class under Federal Rule of Civil Procedure 23(b)(2), which permits class certification where a defendant "has acted or refused to act on grounds that apply generally to the class, so that final injunctive or corresponding declaratory relief is appropriate respecting the class as a whole." (See, e.g., Doc. No. 16 at 7) (citations omitted).

Count II is a claim for breach of contract on behalf of both himself and putative class members. (Id. at 25.) The parties do not dispute that the Policy is a valid contract. Like the request

---

[5] There are two types of stacking. One is the combining of insurance limits on multiple vehicles covered in a single insurance policy (known as "intra-policy stacking"). The other is combining coverage limits in multiple insurance policies (known as "inter-policy stacking"). (Doc. No. 6-1 at 2.) Inter-policy stacking can involve coverage insuring a single vehicle or multiple vehicles. (Id.) This case involves inter-policy stacking of multi-vehicles. (Id.)

[6] In Gallagher v. GEICO Indemnity Company, 201 A.3d 131 (Pa. 2019), the Pennsylvania Supreme Court held that the household regular use exclusion cannot operate as a de facto waiver of stacked benefits. Gallagher is discussed in more detail infra.

for a declaratory judgment, the claim is based on the denial of underinsured motorist benefits under the Policy. (Id. ¶ 138.) As noted, the crux of the dispute is whether the Donovan decision, decided in August 2021, can be applied retroactively to Plaintiff's insurance claim, which arose in 2020. As also noted, Plaintiff argues that if the decision is applied retroactively, he states a claim for breach of contract because Defendant breached the insurance policy when it denied him underinsured motorist benefits. Defendant argues that the decision should not be applied retroactively.

### III.   LEGAL BACKGROUND

Section 1738 of the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL") provides for the stacking of uninsured and underinsured motorist benefits:

> (a)   Limit for each vehicle.--When more than one vehicle is insured under one or more policies providing uninsured or underinsured motorist coverage, the stated limit for uninsured or underinsured coverage shall apply separately to each vehicle so insured. The limits of coverages available under this subchapter for an insured shall be the sum of the limits for each motor vehicle as to which the injured person is an insured.
>
> (b)   Waiver.--Notwithstanding the provisions of subsection (a), a named insured may waive coverage providing stacking of uninsured or underinsured coverages in which case the limits of coverage available under the policy for an insured shall be the stated limits for the motor vehicle as to which the injured person is an insured.

75 Pa. C.S.A § 1738(a)-(b). To effectuate the waiver outlined in subsection (b), the insured must sign the statutorily prescribed waiver form, provided in subsection (d) of 75 Pa. C.S.A. § 1738. The waiver form, quoted above, bears repeating here:

> By signing this waiver, I am rejecting stacked limits of uninsured motorist coverage under the policy for myself and members of my household under which the limits of coverage available would be the sum of limits for each motor vehicle insured under the policy. Instead, the limits of coverage that I am purchasing shall be reduced

6

>to the limits stated in the policy. I knowingly and voluntarily reject the stacked limits of coverage. I understand that my premiums will be reduced if I reject this coverage.

75 Pa. C.S.A § 1738(d).

As noted earlier, Plaintiff's lawsuit is premised on the Pennsylvania Supreme Court decision Donovan v. State Farm, 256 A.3d 1145 (Pa. 2021), which interprets Section 1738 of the MVFRL. Donovan was a case that originated in federal court and was appealed to the Third Circuit Court of Appeals. The Third Circuit in Donovan certified three questions to the Pennsylvania Supreme Court, two of which are relevant here:

>1. Is a named insured's signing of the waiver form set out at 75 Pa.C.S. § 1738(d) sufficient to waive inter-policy stacking of underinsured motorist benefits under Pennsylvania's Motor Vehicle Financial Responsibility Law, where the policy insures more than one vehicle at the time the form is signed?
>
>2. If the answer to Question 1 is no, is a household vehicle exclusion contained in a policy in which the named insured did not validly waive inter-policy stacking enforceable to bar a claim made by a resident relative who is injured while occupying a vehicle owned by him and not insured under the policy under which the claim is made?

Id. at 1146-47.

As to the first question, the Pennsylvania Supreme Court relied on its earlier decision, Craley v. State Farm, 895 A.2d 530 (Pa. 2006). In Craley, while driving her car insured by State Farm, a woman was killed in an accident caused by an uninsured intoxicated driver. Id. at 489. The woman's child and mother-in-law were passengers in the car and also injured. Id. Following the accident, her husband, as administrator of her estate and on their son's behalf, and her mother-in-law, on her own behalf, collected uninsured motorist benefits from State Farm pursuant to the woman's insurance policy. Id. When the family exceeded the limits provided under the woman's policy, they sought uninsured motorist benefits under the husband's motor vehicle insurance

policy, which was also with State Farm. Id. State Farm sought a declaration that the family was not entitled to coverage because the husband had signed a stacking waiver and because the policy was subject to a household vehicle exclusion. Id.

The Craley court held that both intra-policy and inter-policy stacking may be waived under § 1738 of the MVFRL, but the waiver must be a "knowing waiver." Id. at 540-41. Emphasizing the "under the policy" language in the provision, the court found that the § 1738(d) waiver was valid as a knowing waiver of both intra-policy stacking and inter-policy stacking for policies insuring only one vehicle.[7] Id. (emphasis added). However, the court expressed reservations about whether this same waiver would provide a knowing waiver of inter-policy stacking where the insurance policies insured multiple vehicles. Id. at 543. This open question was what the court in Donovan was tasked to answer. The Donovan court held that the § 1738(d) waiver provision "does not provide the necessary knowing waiver of inter-policy stacked coverage, absent the single-vehicle situation" like in Craley. Id. at 1158. Thus, the statutory waiver is invalid as applied to inter-policy stacking for multi-vehicle policies.

As to the second question relating to the household vehicle exclusion, the Donovan court relied on the Pennsylvania Supreme Court decision Gallagher v. GEICO Indemnity Company, 201 A.3d 131 (Pa. 2019). In Gallagher, the plaintiff was driving his motorcycle when he was hit by an underinsured pick-up truck. Id. at 603-04. At the time of his accident, the plaintiff had two insurance policies. Id. at 604. One policy insured only his motorcycle and the other insured his two other automobiles. Id. The plaintiff had opted for stacked underinsured motorist benefits

---

[7] Specifically, the court concluded that the plaintiff knowingly waived inter-policy stacking because he "could not have thought he was receiving a reduced premium for waiving intra-policy stacking because there could be no intra-policy stacking with only one vehicle on the policy." Craley, 895 A.2d at 542. See also Donovan, 256 A.3d at 1153.

8

when he purchased both policies. Id. His motorcycle policy paid him the policy limit. Id. However, his automobile policy denied him underinsured motorist benefits based on the household vehicle exclusion. Id.[8] Because the plaintiff had suffered bodily injury while occupying his motorcycle, which he owned and was not insured under his automobile policy, the insurance company took the position that the household vehicle exclusion precluded him from receiving stacked underinsured motorist benefits. Id.

The Gallagher court reasoned that the household vehicle exclusion, if enforced, "impermissibly acts as a de facto waiver of stacked underinsured motorist coverage" because even though the plaintiff opted for stacked benefits, his claim was still denied under the exclusion. Id. at 614. Thus, the court held that, in this situation, where a plaintiff opted for stacked benefits, the household vehicle exclusion was unenforceable as a matter of law. Id. at 614. The Donovan court found the facts in Gallagher decision indistinguishable from those in Donovan:

> In both cases, the insured did not validly waive inter-policy stacking. Whether the insured did not sign a waiver, as in Gallagher, or signed a deficient waiver as to inter-policy stacking, as in [Donovan], the result is the same: the policy defaults to inter-policy stacking of UM/UIM coverage. In either case, the household vehicle exclusion cannot operate as a de facto waiver of inter-policy stacking because it fails to provide the insured with a knowing waiver of that coverage.

Id. at 1160. Therefore, the household vehicle exclusion is unenforceable absent a valid wavier of inter-policy stacking. Id. With these legal principles in mind, this Court turns to the Motion to Dismiss and the issues raised therein.

---

[8] The household vehicle exclusion provided: "This coverage does not apply to bodily injury while occupying or from being struck by a vehicle owned or leased by you or a relative that is not insured for Underinsured Motorists Coverage under this policy." Id. at 604.

IV.   **ANALYSIS**

   **A. Count II of the Complaint states a claim for breach of contract because <u>Donovan</u> is retroactive.**

Plaintiff's claims are premised on the <u>Donovan</u> decision. The <u>Donovan</u> court held that the statutory waiver in § 1738(d) is invalid as applied to inter-policy stacking for multi-vehicle policies and that the household vehicle exclusion in an automobile insurance policy was unenforceable absent a valid waiver of inter-policy stacking. <u>Donovan</u>, 256 A.3d at 1157, 1160. In relying on <u>Donovan</u>, Plaintiff argues that he did not knowingly waive stacked underinsured motorist benefits when he signed the stacking waiver, and that Defendant breached the Policy in denying his claim for underinsured motorist benefits.[9] Defendant contends that <u>Donovan</u> announced a new rule of law and therefore cannot be applied retroactively. (<u>Id.</u> at 11-12.) In order to determine whether Plaintiff can state a claim for breach of contract, the Court must predict whether the Pennsylvania Supreme Court will find that <u>Donovan</u> does not create a new rule of law and therefore applies retroactively.

As noted above, the Pennsylvania Supreme Court held in <u>Gallagher</u> that the household vehicle exclusion was unenforceable when an insured had opted for stacked coverage because it acted as a <u>de facto</u> waiver of stacked benefits. After <u>Gallagher</u> was decided, courts in this District have held that it applied retroactively.[10] For example, in <u>Butta v. GEICO Casualty Company</u>, after

---

[9]   To state a claim for breach of contract under Pennsylvania law, a plaintiff must establish: 1) the existence of a contract, including its essential terms, 2) a breach of a duty imposed by the contract, and 3) resultant damages. <u>Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.</u>, 137 A.3d 1247, 1258 (Pa. 2016). As mentioned previously, there is no dispute that the parties entered into a contract. The dispute centers around the second element: whether Defendant breached the Policy when it denied Plaintiff's claim for underinsured motorist benefits.

[10]  Plaintiff also cites to Pennsylvania state court decisions, all of which held that <u>Gallagher</u> is retroactive. <u>Petra v. PA Nat'l Mut. Cas. Ins. Co.</u>, 217 A.3d 297 (procurium) (Pa. 2019), <u>Rutt</u>

10

a careful review of the case law pre-Gallagher, the court predicted that the Pennsylvania Supreme Court would retroactively apply Gallagher because it did not announce a new rule of law. 383 F.Supp.3d 426, 440 (E.D. Pa. 2019). The Court in Stockdale v. Allstate Fire and Casualty Insurance Co. found that Gallagher did announce a new rule of law; however, it agreed that the decision should be applied retroactively because "[g]enerally, under Pennsylvania law, a rule announced by a judicial decision is applied both retroactively – that is, to pending cases – and prospectively – to cases commenced thereafter." 390 F.Supp.3d 603, 607, 613 (E.D. Pa. 2019) (quoting In re L.J., 79 A.3d 1073, 1087 (Pa. 2013)). Thus, the court predicted that the Pennsylvania Supreme Court would apply Gallagher retroactively.

It is evident to this Court, however, that Donovan merely applied the holdings of Gallagher and Craley and did not create a new rule of law. When addressing the first question, the Pennsylvania Supreme Court simply agreed with the reservations the Craley court had regarding whether the statutory waiver was a knowing waiver of stacked benefits as applied to inter-policy stacking for multi-vehicle policies. In terms of the second question, regarding the household vehicle exclusion, the Donovan court explicitly noted that the facts in Donovan and Gallagher are "indistinguishable." See Donovan, 256 A.3d at 1160.

Additionally, the facts present in this case are virtually identical to those in Donovan. In both cases, there was an accident, a request for underinsured motorist benefits, and the denial of those benefits premised on a stacking waiver and a household vehicle exclusion. Similar to the plaintiff's position in Donovan, Plaintiff here has two insurance policies: one that insures his motorcycle and another that insures multiple household vehicles. Both Plaintiff here and the

---

v. Donegal Mutual Ins. Co., Civ. No. 1902544, 2019 WL 4570159 (Lancaster CCP 2019), Kline v. Travelers, 223 A.3d 677 (Pa. Super. 2019), and Donegal v. Krautsack, Civ. No. 19-04904 (Lancaster CCP 2020).

plaintiff in Donovan signed the § 1783(d) waiver. The Donovan court found that, in the situation where there is inter-policy stacking for multi-vehicle policies, the statutory waiver is not valid. Therefore, this Court predicts that the Pennsylvania Supreme Court would apply Donovan retroactively because it does not pronounce a new rule of law. Thus, Plaintiff states a claim for breach of contract and Defendant's Motion to Dismiss based on non-retroactivity will be denied.

### B. Defendant's Motion to Dismiss Plaintiff's claim for declaratory relief will be granted because it is duplicative of his claim for breach of contract.

Count I of the Complaint seeks declaratory relief. Plaintiff asks for a declaration that he, and other members of the putative class, are entitled to a declaration that the underinsured motorist benefits are not barred by the signing of the statutorily prescribed waiver form or the household regular use exclusion. (Doc. No. l-1 ¶¶ 114, 124-25.) In a supplemental brief, Plaintiff argues that the declaratory judgment claim is essential for class certification under Federal Rule of Civil Procedure 23(b)(2). (See Doc. No. 16 at 8.) To the contrary, Defendant moves to dismiss Count I because it is duplicative of Plaintiff's Breach of Contract claim. (Doc. No. 6 at 4.)

The Declaratory Judgment Act provides:

> In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought

28 U.S.C. § 2201(a). See also Butta, 400 F.Supp.3d at 231. The Third Circuit Court of Appeals requires that declaratory judgments "have utility," "be of significant practical help in ending the controversy," and cautions against courts exercising its jurisdiction when a declaratory judgment is duplicative of other claims. Id. (citations omitted). See also State Auto Insurance Co. v. Summy, 234 F.3d 131, 134 (3d Cir. 2000) ("A federal court should also decline to exercise its

discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation.")

Here, is it evident that the claim for declaratory judgment is duplicative of the breach of contract claim. The request for declaratory judgment in Count I states:

> WHEREFORE, the plaintiff, Michael J. Ford, respectfully requests that the Court enter
>
> (a) declaring that the claims of the plaintiff, Michael J. Ford, for recovery of underinsured motorist benefits are not barred by: (i) the unstacked nature of the coverage; and/or (ii) the household regular use exclusion in connection with the injuries sustained by the plaintiff, Michael J. Ford, in the August 13, 2020 motor vehicle accident.
>
> (b) declaring that the claims for uninsured and/or underinsured motorist benefits of each member of the class are not barred by: (i) the unstacked nature of the coverage; and/or (ii) the household regular use exclusion; and

(Doc. No. 1-1 at 24.) Count II for breach of contract requests the following:

> WHEREFORE, the plaintiff, Michael J. Ford, respectfully requests that the Court enter an Order:
>
> (a) awarding underinsured motorist benefits to the plaintiff, Michael J. Ford, and against the defendant, Progressive Specialty Insurance Company, in connection with injuries sustained in the August 27, 2018 motor vehicle accident; and
>
> (b) awarding uninsured and/or underinsured motorist benefits to each member of the class against the defendant, Progressive Specialty Insurance Company, in order to compensate them for losses sustained in each accident.

(Id. at 27-28.) According to the Complaint, Plaintiff's underinsured motorist claim was denied by Defendant because Plaintiff waived stacked underinsured motorist coverage and because of the household regular use exclusion. Id. at 6. By the Court declaring that Plaintiff and each class member's claims are "not barred" by either the stacking waiver or the household vehicle exclusion,

it logically follows that the Court is holding that Plaintiff and other class members are entitled to underinsured motorist benefits. This would directly impact, if not resolve, the breach of contract claim. The claims are therefore duplicative.

A nearly identical issue was addressed in Butta. 400 F.Supp.3d at 231. The plaintiff in Butta brought a breach of contract claim and sought a declaratory judgment, both of which were premised on the denial of underinsured motorist benefits because the insurance policy at issue was subject to a household vehicle exclusion. Id. at 228-229. The insurance company moved for summary judgment on the declaratory judgment claim, stating that it was duplicative of the breach of contract claim. Id. at 231. The court agreed:

> Courts generally decline granting declaratory relief when the claim for declaratory judgment is entirely duplicative of another claim in the cause of action. Judges in our district decline to issue a declaratory judgment when the claim for breach of contract would necessarily involve adjudication of the issues implicated in the claim for declaratory relief.

Id. at 233.

This Court agrees with Butta and will dismiss the declaratory judgment action because it is duplicative of the breach of contract claim. If Plaintiff wishes to seek class certification, he may still may do so under the claim for breach of contract. He has sought class action status in the Complaint under Count II ("breach of contract").

V.  **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. No. 6) will be granted in part and denied in part. The Motion to Dismiss Count I seeking a declaratory judgment will be granted. The Motion to Dismiss Count II for breach of contract will be denied. An appropriate Order follows.